United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Efraim Shamayev and | ) |
| Angela Shamayev, Plaintiffs | ) |
| v. | )   Civil Action No. 16-23577-Civ-Scola |
| Elite Light and Living, LLC, and | ) |
| Vladimir Maistrenko, Defendants. | ) |

## <u>Order on Motion for Extension of Time to Complete Discovery</u>

This matter is before the Court on the Plaintiffs Efraim and Angela Shamayev's motion for extension of time to complete discovery (ECF No. 39) and amended motion for extension of time to complete discovery (ECF No. 43). The Defendants Elite Light and Living, LLC ("Elite"), and Vladimir Maistrenko responded in opposition (ECF Nos. 41 and 44). The Plaintiffs replied. (ECF No. 47.) For the reasons set forth in this Order, the Court **denies** the motions (**ECF Nos. 39 and 43**).

The deadline to complete fact discovery in this case occurred almost a month ago, on May 24, 2017, and the deadline to file dispositive motions occurred on June 7. 2017. (Order, ECF No. 19.) At no point prior to those deadlines did the Plaintiffs seek an extension of pretrial deadlines. At no point prior to those deadlines did the Plaintiffs seek a stay of discovery pending the Court's resolution of the Defendants' motion to dismiss the second amended complaint. What is more, if Plaintiffs had encountered any difficulties in obtaining discovery responses from the Defendants, the docket does not reflect any motions to compel or any discovery hearings before the Magistrate Judge.

Now, the Plaintiffs protest for the first time that they never met and conferred with the Defendants regarding discovery and they have not engaged in the discovery process. (Am. Mot. ¶ 4, ECF No. 43.) The Plaintiffs insist they have failed to pursue their claims because the Defendants never "responded" to the second amended complaint and because the Court has not ruled on the Defendants' second motion to dismiss. (*Id.* ¶¶ 4, 9.)

The Plaintiffs' argument finds no support in caselaw or in the procedural history of this case. First, the Court clearly indicated in the scheduling order, entered on November 16, 2016, that the parties were **required** to submit a joint-discovery-plan-and-conference report on or before October 19, 2016, after having met and conferred pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16.1(b). (Order at 1, ECF No. 19.) The Court admonished the parties for ignoring the Court's order requiring discovery (ECF No. 9) and forewarned the parties that future violations of the Court's orders may result in sanctions.

(*Id.*) Even so, the Plaintiffs appear to have proceeded in this litigation as if they were not required to comply with court orders. Further, aside from Federal Rule of Civil Procedure 12, which classifies a motion to dismiss as a responsive pleading, the October 19, 2016, date in the Court's scheduling order should have alerted the Plaintiffs to the fact that the Court considered the Defendants' first motion to dismiss "a response to the complaint," triggering the timeline delineated in the Court's order requiring discovery. (*See* Order at 1, ECF No. 9.)

Next, even had the Plaintiffs requested a stay of discovery pending a ruling on the second motion to dismiss—which they did not—the Court generally disfavors such a stay. *Ray v. Spirit Airlines, Inc.*, No. 12-61528-CIV, 2012 WL 5471793, at *1 (S.D. Fla. Nov. 9, 2012) (Scola, J.) ("[A] stay of discovery pending the determination of a motion to dismiss is the exception rather than the rule."). Upon a motion for stay of discovery pending resolution of a motion to dismiss, the Court must take a "preliminary peek" at the merits of the motion to dismiss to "evaluate whether there is a strong likelihood the dismissal motion will be granted and entirely eliminate the need for such discovery." *Id.*; *see also Allmond v. Duval Cty.*, No. 3:08-CV-486-J-34TEM, 2010 WL 520813, at *2–3 (M.D. Fla. Feb. 9, 2010). But in this case, the Plaintiffs merely failed to engage in discovery without ever seeking a stay from this Court.

Finally, "[t]he scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Friedman v. Coffman*, No. 10-60989, 2012 WL 668021, at *1 (S.D. Fla. Feb. 29, 2012) (Scola, J.) (citation omitted). A scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418–19 (11th Cir. 1998). "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Friedman*, 2012 WL 668021, at *1 (citation omitted); *see also* Fed. R. Civ. P. 16 advisory committee's note. Here, the Plaintiffs failed to exercise any diligence in pursuing their claims and in complying with the scheduling order. The Plaintiffs cannot demonstrate the necessary good cause.

Accordingly, the Court **denies** the Plaintiffs' requests to extend the deadline to complete discovery a (**ECF No. 39 and 43**).

**Done and ordered** in chambers, at Miami, Florida, on June 27, 2017.

_____
Robert N. Scola, Jr.
United States District Judge